# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

JOHN WESLEY PARHAM,          *

    Petitioner,          *

                                  CASE NO.5:07-CV- 90003 CAR

vs.          *              28 U.S.C. § 2255

                                  CASE NO.5:95-CR-3 CAR

UNITED STATES OF AMERICA,          *

    Respondent.          *

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255, filed on June 27, 2007, is before this court for preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## **Procedural History**

Petitioner John W. Parham and Charles Little McQueen were charged by Indictment returned in this court on January 19, 1995, with Possession With Intent To Distribute Cocaine Base, a/k/a "crack cocaine", in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. (R-1)  Petitioner and McQueen both pled not guilty and were tried by jury on August 21-22, 1995.  The jury returned guilty verdicts against both defendants on August 22, 1995. (Tab 43)  Parham was sentenced to serve 293 months imprisonment on November 17, 1995; Judgment thereof being entered of record on November 29, 1995. (Tab 48)  Thereafter, he was granted leave to file a belated direct appeal of his conviction and sentence.  However,

the United States Court of Appeals for the Eleventh Circuit affirmed the same on November 29, 1995. (R-57;74) Petitioner made no application for *writ of certiorari* to the United States Supreme Court.

On January 25, 2001, Petitioner Parham filed his first Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (R-77). The district court denied said Motion on July 24, 2001. (R-82/83). Petitioner Parham sought certificate of appeal which was denied in both the district court and the United States Court of Appeals for the Eleventh Circuit on September 13, 2001, and November 27, 2001, respectively. (R-88; 89) Petitioner Parham then filed a number of Motions For Reconsideration which were all ultimately denied by the United States Court of Appeals for the Eleventh Circuit on March 5, 2002. (R-90) Again, Petitioner Parham sought certificate of appealability which the United States Court of Appeals for the Eleventh Circuit again denied. (R-100)

On November 24, 2003, Petitioner Parham filed a Motion For Relief From Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (R-102) That Motion was denied by the district court on January 16, 2004. (R-103) Petitioner sought direct appeal of the district court's decision, but the United States Court of Appeals for the Eleventh Circuit dismissed his appeal, in this instance, on March 6, 2004. (R-108)

Petitioner then began a series of Applications for Authorization To File A Second or Successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, which were denied by United States Court of Appeals for the Eleventh Circuit on June 21, 2004 (R-109), December 9, 2004 (R-110), August 15, 2005 (R-113), and January 5, 2006

(R-116). Petitioner Parham has now, as of June 27, 2007, filed an unauthorized second and successive § 2255 Motion To Vacate, Set Aside, or Correct his Sentence. (R-119)

**Conclusion of Law**

The AEDPA provides that , to file a second or successive § 2255 motion, the movant must first file an application with the appropriate Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003); 28 U.S.C. § 2255.

Moreover, the dismissal of a § 2255 petition as untimely, as was the case with Parham's first § 2255 Motion, presents a permanent and incurable bar to federal review of the merits of the claim because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. *See Villanueva v. United States,* 346 F.3d 55 (2nd Cir. 2003) *cert. denied* 124 S.Ct. 2895.

WHEREFORE, IT IS RECOMMENDED that Petitioner Parham's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be dismissed. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE