IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN WESLEY PARHAM, | : | |
| Petitioner, | : | |
| | : | Case No.: 5:07-cv-90003 (CAR) |
| v. | : | 28 U.S.C. § 2255 |
| | : | |
| UNITED STATES OF AMERICA, | : | Criminal Case No.: 5:95-cr-3 (CAR) |
| | : | |
| Respondent. | : | |

*ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 122] that Petitioner Parham's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 119] be dismissed as a second and successive motion to vacate filed without the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") required authorization from the Court of Appeals pursuant to 28 U.S.C. § 2244(b). Petitioner filed an Objection to the Recommendation [Doc. 123].

Under the AEDPA, a petitioner seeking to file a second or successive § 2255 motion must "first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." 28 U.S.C. § 2244(b)(3)(A). Prior to filing the present motion, Petitioner Parham made a series of applications to the Eleventh Circuit Court of Appeals to file a second and successive § 2255 motion, all of which the Court of Appeals denied. Because the Eleventh Circuit Court of Appeals denied Petitioner Parham's applications, the Magistrate Judge concluded that this Court lacked jurisdiction to entertain Petitioner Parham's current petition.

1

In his Objection to the Report and Recommendation, Petitioner makes a claim of actual innocence in an effort to circumvent the AEDPA requirement. Petitioner's effort, however, is unavailing because the Court of Appeals must still authorize the petition. The AEDPA "bars a district court from hearing a second or successive habeas petition based on a new claim unless the **court of appeals** has determined that the new claim is based on either (1) a new and retroactive rule of constitutional law *or* (2) new facts showing a high probability of actual innocence." Zakrzewski v. McDonough, 490 F.3d 1264, 1267, n. 2 (11th Cir. 2007) (emphasis added). Because the Court of Appeals has not authorized this Court to consider Petitioner's second and successive § 2255 motion, this Court lacks jurisdiction to consider it.

Accordingly, having considered Petitioner's arguments, the applicable law, the United States Magistrate Judge's Report and Recommendation, and Petitioner's Objection thereto, the Court agrees with the Recommendation. The Recommendation that Petitioner's Motion be dismissed is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.

**SO ORDERED**, this 29th day of November, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF GEORGIA

SSH/scs