IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN WESLEY PARHAM, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:07-CV-90003 (CAR) |
| | : | NO. 5:95-CR-00003 (CAR) |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner John Wesley Parham's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Doc. 133. Also before the Court are several other motions filed by Petitioner regarding his Rule 60(b)(6) motion, including: Motion to Supplement Rule 60(b)(6) Motion (Doc. 135), Motion to Supplement Pleading Under Federal Rules of Civil Procedure 15(d) (Doc. 139), Motion to Expedite Proceedings Under 28 U.S.C. § 1657(a) (Doc. 139-3), Motion for Discovery and Inspection Under Rule 6(a) of 28 U.S.C. § 2255 by a Person in Federal Custody (Doc. 139-4), and Amended Motion Amending Rule 60(b)(6) Motion (Doc. 140).

Plaintiff's Rule 60(b)(6) motion is in fact a successive Section 2255 motion alleging actual innocence. Upon review, it appears that Petitioner has previously filed two unsuccessful Section 2255 motions. Docs. 77, 119. As such, in accordance with 28 U.S.C. § 2255(h), this Court's consideration of the instant motion is precluded absent prior authorization by the Eleventh Circuit Court of Appeals. As there is nothing to indicate that any such authorization has been given, it is **RECOMMENDED** that the motion be **DENIED**.

PROCEDURAL HISTORY

Petitioner John Wesley Parham was convicted by a jury on August 22, 1995, of Possession With Intent To Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Doc. 43. Petitioner was sentenced to serve 293 months in prison. Doc. 48. Thereafter, Petitioner was granted leave to file a belated direct appeal of his conviction and sentence. However, the United States Court of Appeals for the Eleventh Circuit affirmed the same on November 29, 1995. Docs. 57, 74. Petitioner made no application for *writ of certiorari* to the United States Supreme Court.

On January 25, 2001, Petitioner filed his first Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255. Doc. 77. The district denied Petitioner's Section 2255 motion on July 24 2001. Docs. 82, 83. Petitioner then sought a certificate of appealability, which was denied in both the district court and the court of appeals on September 13, 2001, and November 27, 2001, respectively. Docs. 88, 89. Petitioner then filed a number of Motions for Reconsideration, which were all denied by the United States Court of Appeals for the Eleventh Circuit on March 5, 2002. Doc. 90. Petitioner sought a certificate of appealability for these motions, which was denied. Doc. 100.

On November 24, 2003, Petitioner filed his first Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure and accompanying Motion for Leave to Amend Pleadings Under Rule 15 of the Federal Rules of Civil Procedure. Doc. 102. Those motions were denied by the district court on January 16, 2004. Doc. 103. Petitioner sought direct appeal of the district court's decision, but that appeal was dismissed by the Eleventh Circuit on March 6, 2004. Doc. 108.

Petitioner then began a series of Applications for Authorization To File A Second or Successive Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255, which were denied by the Eleventh Circuit on June 21, 2004 (Doc. 109), December 9, 2004 (Doc. 110), August 15, 2005 (Doc. 113), and January 5, 2006 (Doc. 116).

On July 2, 2007, Petitioner filed another Section 2255 motion in the district court. Doc. 119. The district court denied that motion as an unauthorized second or successive Section 2255 motion on November 30, 2007. Doc. 125. On December 20, 2010, Petitioner filed the instant Motion for Relief from Judgment Pursuant to Rule 60(b)(6).

## DISCUSSION

Petitioner contends that, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, the Court should set aside its previous judgment denying his first Section 2255 motion as untimely because he is actually innocent of the crimes of which he was convicted. Rule 60(b) provides that a Court may relieve a party from judgment in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied. Fed.R.Civ.P. 60(b)(1)-(5). The catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). The petitioner must show that the circumstances in his case are sufficiently extraordinary to warrant relief. Cano v. Baker, 435 F.3d 1337, 1342. Even if petitioner provides evidence of extraordinary circumstances, the district court must use its sound discretion in determining whether to grant relief. Id.

Petitioner's motion does not seek relief that is available under Rule 60(b), but rather is simply another attempt to appeal the judgment of the court on the merits of his original Section 2255 motion. Rule 60(b) is a rule of civil procedure that allows a petitioner in a habeas case to attack "some defect in the integrity of the federal habeas proceedings." Gonzales v. Crosby, 545 U.S. 524, 532 (2008). It cannot be used "to evade the second or successive petition bar contained in 28 U.S.C. 2244(b) by…attacking the federal court's previous rejection of a claim on the merits." Gilbert v. United States. 640 F.3d 1293, 1323 (11th Cir. 2011) (citing Gonzalez, 545 U.S. at 532). Petitioner contends that the district court erred in denying his Section 2255 motion because the district court failed to consider his untimely motion after Petitioner claimed he was actually innocent of the charges of which he was convicted. His motion attacks the merits of the Court's decision rather than the integrity of the process, and as such it seeks relief not authorized under Rule 60(b).

Petitioner's motion also fails show that he is in fact entitled to the actual innocence exception to the statute of limitations. A court may consider an untimely petition if refusing to consider the merits of the petition "would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent remain imprisoned." San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (internal quotation marks omitted). The actual innocence exception to the statute of limitations is extremely narrow in scope, and the petitioner must show that he is factually innocent rather than legally innocent to meet the exception. Id. at 1268. To meet this exception, a petitioner must show, based on reliable evidence not presented at trial, that no reasonable juror would have convicted him of the offense. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Petitioner has failed to show that he is factually innocent of the crimes of which he was convicted. Petitioner's motion attacks his trial counsel's performance for failing to obtain evidence that could be used to impeach the arresting officer and show that there was not probable cause to stop and search Petitioner's vehicle. These are both arguments that could, at best, indicate legal innocence rather than factual innocence. Moreover, these arguments are typical of legal arguments that would be raised in a Section 2255 motion, not a Rule 60(b) motion. Accordingly, Petitioner was not entitled to have his untimely Section 2255 motion considered by the district court.

For the above reasons, **IT IS RECOMMNEDED** that Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure be **DENIED**. Additionally, it is **ORDERED** that Plaintiff's subsequent motions regarding his Rule 60(b)(6) motion be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 27th day of December, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge